**Mehmet ALKAN, Plaintiff,**

v.

**CITIMORTGAGE, INC., Defendant.**

**No. C–04–01918 RMW.**

United States District Court,
N.D. California.

Sept. 22, 2004.

William E. Kennedy, Law Offices of William E. Kennedy, Santa Clara, CA, for Plaintiff.

Roland P. Reynolds, Pfeifer & Reynolds, LLP, Santa Ana, CA, for Defendant.

## ORDER DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (FRCP 12(b)(6))

### [Re Docket No. 5, 7, 8, 10]

WHYTE, District Judge.

Defendant Citimortgage Inc.'s motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), was heard on September 10, 2004. Plaintiff Mehmet Alkan opposes the motion. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

In December 1997 plaintiff Mehmet Alkan obtained a mortgage from defendant. Plaintiff's loan documents from defendant state, "I have the right to make payment of principle at any time before they are due ... I may make a full prepayment or partial prepayments without paying any prepayment charge." (Compl.¶ 10.) In September 2003, plaintiff mailed a check for $4,109.01 to defendant in an effort to pay down the remaining balance on his loan. Defendant cashed the check, but placed the funds into an "Unapplied Funds" account, as opposed to acknowledging the principle balance of the mortgage was satisfied. In October of 2003, defendant reported plaintiff's account was past due and assessed a late charge. During the following months, defendant engaged in collection efforts including sending allegedly threatening letters and making harassing collection phone calls. Eventually, defendant reported allegedly false and derogatory credit information about plaintiff to the national credit bureaus, such as Experian.

Plaintiff brings claims against defendant under the Federal Credit Reporting Act ("FCRA"), and the California Rosenthal Fair Debt Collection Practices Act ("CFDCPA"). Defendant moves, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss these claims on the grounds that: (1) plaintiff's claim under the FCRA is defective for failing to plead damages; and (2) plaintiff's claims under the CFDCPA are preempted by 12 C.F.R. § 560.2(a).

## II. ANALYSIS

### A. Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal is proper when there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). The issue is not whether the non-moving party will ultimately prevail but whether it is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir.1994). However, the court is not required to accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). A court must not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981).

### B. Federal Credit Reporting Act Claim

■ Plaintiff's first cause of action is for a FCRA violation of 15 U.S.C. § 1681s–2(b). That provision requires the furnisher of credit information, upon receiving notice of a dispute, to investigate the completeness or accuracy of any information it provided to a consumer reporting agency, and to report the results of such investigation to the consumer reporting agencies. 15 U.S.C. § 1681s–2(b).

Plaintiff alleges that both he and Experian (a credit reporting agency) notified defendant that plaintiff disputed the information defendant reported about plaintiff to the credit reporting agency. (Compl.¶ 45.) Defendant allegedly failed to review or investigate the accuracy of that information. (Compl.¶ 46.) In addition, after failing to investigate, plaintiff alleges, defendant reported the disputed information was correct. (*Id.*) These allegations state a claim against defendant under 15 U.S.C. § 1681s–2b.

■ Defendant argues this claim is defective because plaintiff failed to allege damages arising from the § 1681s–2(b) violation. However, plaintiff alleges that defendant has "compromised [plaintiff's] access to credit by providing erroneous information to Experian." (Compl.¶ 41.) This erroneous information also allegedly caused plaintiff to face increased interest rates. (Compl.¶ 42.) Defendant counters that these allegations of damage stem from the initial reporting of erroneous information, and not the failure to investigate upon receiving notice of the dispute. Yet, under the liberal pleading requirements of Fed.R.Civ.P. 8(a), the court finds plaintiff's reference to erroneous information provided to Experian to entail both the initial information, and the subsequent false affirmation that an investigation confirmed the information's accuracy. Moreover, plaintiff seeks statutory damages under 15 U.S.C. § 1681n, which provides

damages for any violation under this subchapter, including § 1681s–2(b). Therefore, plaintiff pled damages as part of his § 1681s–2(b) claim. Accordingly, plaintiff's claim under the FCRA is not dismissed.

### C. *California Fair Debt Collection Practices Act Claims*

Plaintiff's second cause of action is brought under California's Rosenthal Fair Debt Collection Practices Act ("CFDCPA"), Cal. Civ.Code § 1788 et seq. Originally, plaintiff brought a claim under Cal. Civ.Code § 1788.10(c). However, plaintiff has dropped this claim. (Opp'n at 10:20–21.) Accordingly, plaintiff's cause of action under Cal. Civ.Code § 1788.10(c) is dismissed.

#### 1. *Preemption*

■ Plaintiff also brings CFDCPA claims under Cal. Civ.Code § 1788.11(e) and § 1788.17. Defendant challenges both claims on the grounds that the CFDCPA is preempted by 12 C.F.R. § 560.2(a) of the Home Owners' Loan Act ("HOLA"). Pursuant to its power under HOLA, the Office of Thrift Supervision ("OTS") explicitly declared in Regulation § 560.2(a) that it "hereby occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2(a).

Defendant contends that the CFDCPA is a lending regulation, and thus preempted by Regulation § 560.2(a). Defendant argues that debt collection is an essential part of lending practices, meaning any limitations on debt collection constitute a lending regulation. However, a comparison of the examples of lending regulations enumerated in Regulation § 560.2(b) and the provisions of the CFDCPA reveals defendant's position is incorrect.

In Regulation § 560.2(b) the illustrative examples of lending regulations deal with laws affecting the terms of the loan, the rate of interest, the type or amount of security required, any loan-related fees, escrow account requirements, and processing or servicing issues. The CFDCPA regulates the permissible practices for attempting to collect a debt once the loan has been made. For example, harassing phone calls, obscene language, or threatening conduct are prohibited by CFDCPA. *See* Cal. Civ.Code § 1788.10, § 1788.11. A California court found the California Consumer Credit Reporting Agencies Act was not preempted by Regulation § 560.2(a) because "[t]he California statutory scheme does not come into play until after a loan is made or credit otherwise extended, and it does not affect the manner in which the lender services or maintains the loan." *Hussey–Head v. World Savings & Loan Assn.,* 111 Cal.App.4th 773, 782, 4 Cal. Rptr.3d 171 (2003). The same is true for the CFDCPA, and for this reason, it does not constitute a lending regulation. Therefore, plaintiff's claims under the CFDCPA are not preempted by Regulation § 560.2.

#### 2. *Bootstrapping*

■ Finally, plaintiff alleges defendant violated Cal. Civ.Code § 1788.17 of the CFDCPA, which requires all debt collectors comply with 15 U.S.C. § 1692b to 1692 j of the federal Fair Debt Collection Practices Act ("FDCPA").[1] Defendant

---

1. Cal. Civ.Code § 1788.17 states:

   Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and *Section 1692g shall not apply to any person* specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes

argues liability should not be recognized under Cal. Civ.Code § 1788.17 because, according to defendant, that statute impermissibly attempts to expand the scope Congress gave to the FDCPA. Both the FDCPA and the CFDCPA only apply to "debt collectors." The CFDCPA defines a debt collector as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code. § 1788.1(c). On the other hand, under the FDCPA, a debt collector is defined as only those entities that collect debts due to another. *See* 5 U.S.C. § 1692(a)(6).

Defendant argues that since the FDCPA does not apply to original creditors, such as itself, California is bootstrapping FDCPA liability onto entities engaged in debt collecting activities that Congress did not intend to regulate. As true as defendant's observation may be, it has provided no authority for why this may not be done. California has not somehow expanded the scope of federal liability under the FDCPA through Cal. Civ.Code § 1788.17. Instead, California simply incorporated by reference the text of certain federal provisions into the CFDCPA, rather than copying them verbatim into the California code. Any resulting liability, however, remains a state claim.

The real issue is whether California is permitted to impose these duties on the broad range of entities it defines as debt collectors. As discussed, nothing indicates that Congress intended to preempt the CFDCPA or to completely occupy the field of debt collection. Therefore, defendant has failed to show why California is not free to enact Cal. Civ.Code § 1788.17 as it is written, or as it is applied to defendant. Accordingly, plaintiff's claims under Cal. Civ.Code § 1788.17 are not dismissed.

in this section refer to those codes as they

### III. ORDER

For the foregoing reasons, the court denies defendant's motion to dismiss either of plaintiff's causes of action. Consequently, the court also denies defendant's motion to strike plaintiff's prayer for damages.