Sara **KHOSROABADI**, Plaintiff,

v.

**NORTH SHORE AGENCY, Defendant.**

No. 05CV1787–H(NLS).

United States District Court, S.D. California.

July 19, 2006.

Joshua Swigart and Robert Hyde, Hyde and Swigart, San Diego, CA, for Plaintiff.

Tim J. Vanden Heuvel and Ernest Slome, Lewis, Brisbois, Bisgaard & Smith, LLP, San Diego, CA, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PLAINTIFF'S STATE LAW CLAIM WITHOUT PREJUDICE, AND TERMINATING CASE

HUFF, District Judge.

On September 15, 2005, Plaintiff Sara Khosroabadi ("Plaintiff") filed a complaint alleging violations of state and federal debt collection practices laws against Defendant North Shore Agency ("Defendant"). (Doc. No. 1.) On June 6, 2006, Defendant filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) or alternatively for summary judgment under Fed.R.Civ.P. 56, and for dismissal. (Doc. No. 17.) Plaintiff filed an opposition on June 23, 2006. (Doc. No. 21.) On July 6, 2006, Defendant filed a reply. (Doc. No. 22.) The Court held a hearing on July 17, 2006. Robert Hyde appeared for Plaintiff and Ernest Slome appeared for Defendant.

For the following reasons, the Court GRANTS Defendant's motion for summary judgment on Plaintiff's first claim, DECLINES to exercise supplemental jurisdiction over and therefore DISMISSES Plaintiff's second state law claim without prejudice, and TERMINATES the case.

### Background

This action stems from a letter Defendant sent Plaintiff at her home address on April 27, 2005. (Compl. at 4.) Plaintiff alleges that she incurred financial obligations to BMG Music Service Club ("BMG") and defaulted on those obligations prior to that date. (*Id.*) Plaintiff claims BMG transferred or assigned the debt to Defendant for the purposes of collection. (*Id.*)

The letter, attached as Exhibit 1 to the Complaint, states:

**Account Status: Delinquent**

We want to clear your name as a delinquent account with our client, **BMG MUSIC SERVICE CLUB**. The amount owed is important enough to our client that it be paid in full.

Our client's records show that you owe them $50.26 for selections shipped to you.

To make a payment, make a check payable to **BMG MUSIC SERVICE CLUB** for the full amount owed and mail it in the enclosed envelope. Your account will be cleared and collection will stop. Please be sure to include the bottom portion of this letter for proper processing of your payment. This will change the status of your account from delinquent to "paid in full."

. . . .

Unless you, within 30 days after your receipt of North Shore Agency's initial written notice to you concerning this debt, notify this office that you dispute

the validity of this debt, or any portion thereof, North Shore Agency will assume this debt is valid. If you notify this office in writing within the above-described 30–day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing with in the above-described 30–day period, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. IMPORTANT: To communicate with our office by mail please refer to our address on the opposite side of this form, and include your account number and/or tear-off coupon. NOTE: THE ABOVE INFORMATION IS NOT INTENDED TO BE A COMPLETE LIST OF RIGHTS CONSUMERS MAY HAVE UNDER STATE AND FEDERAL LAW.

. . . .

This communication is from a debt collector.

(Compl., Ex. 1 at 1–2.)

Plaintiff alleges the letter violated both the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). (*Id.* at 4–5.) The Rosenthal Act notice provision provides:

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at your work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1–877–FDC–HELP or www.ftc.gov.

Cal. Civ.Code § 1812.700. Plaintiff claims that Defendant's failure to include the Rosenthal Act notice statement in the letter explicitly violated the Rosenthal Act and implicitly violated the FDCPA because it created a "false, deceptive, or misleading representation or means" in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, 1692e(10) and 1692e(5). (*Id.* at 5.) Plaintiff does not contend the letter violated the actual notice requirements of the FDCPA. (*Id.*)

Defendant brought a motion for judgment on the pleadings or alternatively for summary judgment, and to dismiss, because Defendant contends failure to include the Rosenthal Act notice provision in its letter to Plaintiff did not violate the FDCPA.

**Discussion**

**A. Legal Standard for Summary Judgment**

Under Fed.R.Civ.P. 56, a court may grant summary judgment in favor of a party upon a claim "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court must view the evidence "in the light most favorable to the party opposing the motion" when determining whether any genuine issues of material fact exist. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (citation omitted); *see also Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir.2001). Material facts are only those that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal citation omitted). The nonmoving party, however, may not rely solely on the mere allegations or denials of its pleading, but must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citation omitted). Material facts are only those that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

### B. Analysis

#### 1. Plaintiff's Claim for Violation of the FDCPA

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). To determine a violation of the FDCPA, district courts apply a "least sophisticated debtor" test. *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir.1996). That is, would the communication from the creditor to the debtor mislead or deceive a "least sophisticated debtor." *Id.; see also Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir.1988). Whether a communication violates the FDCPA, from the perspective of the least sophisticated debtor, is a question of law for the courts. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir.1997).

Congress intended the FDCPA "'to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.'" *Pressley v. Capital Credit & Collection Service, Inc.*, 760 F.2d 922, 925 (9th Cir.1985) (quoting 123 Cong. Rec. S. 27,386 (daily ed. Aug. 5, 1977)). The Ninth Circuit has recognized that the Act was not meant to prevent information gathering, but to curb debt collectors' improper contacts with consumer debtors. *Romine v. Diversified Collection Services, Inc.*, 155 F.3d 1142, 1149 (9th Cir.1998). Examples of improper contacts include harassing phones calls, the use of profane or obscene language, the use or threat of violence, or publicly disclosing personal consumer information. *Id.* at 1149 n. 9.

While the FDCPA permits states to provide greater protection to consumers, it does not incorporate those state protections into the Act. *See* 15 U.S.C. § 1692n ("[f]or purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter."). Con-

gress did not intend for the FDCPA to preempt state regulation or to occupy the entire field. *Id.*

California has incorporated by reference provisions of the FDCPA into the Rosenthal Act. *Alkan v. Citimortgage, Inc.,* 336 F.Supp.2d 1061, 1065. California Civil Code § 1788.17 requires debt collectors in California to comply with 15 U.S.C. §§ 1692b through 1692j, and states that violators will be subject to the remedies provided by 15 U.S.C. § 1692k. Cal. Civ. Code § 1788.17. No provision in the FDCPA, however, incorporates the substantive requirements of the Rosenthal Act. *See* 15 U.S.C. § 1692, et seq.

### a. Notice Under the FDCPA and the Rosenthal Act

 The notice requirements for initial communications from debt collectors to creditors under the FDCPA are set forth at 15 U.S.C. § 1692g. That provision provides, in pertinent part:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed,

the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name of the original creditor, if different from the current creditor . . . .

15 U.S.C. § 1692g. The Ninth Circuit has held that the notice requirements of the FDCPA, set forth at 15 U.S.C. § 1692g, are the only requirements necessary in the initial written communication from a debt collector to a debtor. *See e.g. Dunlap v. Credit Prot. Ass'n.,* 419 F.3d 1011, 1012 (9th Cir.2005) (per curiam). The FDCPA notice requirement is met where " 'the notice is effectively conveyed to the debtor.' " *Terran,* 109 F.3d at 1432. The notice language must not be contradicted or overshadowed by other language. *Id.* Here, the parties agree that Defendant's letter of April 27, 2005 complies with the notice requirements of 15 U.S.C. § 1692g.

In addition to the FDCPA notice requirements, in California, third-party debt collectors are required to include the notice provision set forth in Cal. Civ.Code § 1812.700, in an initial written communication with a debtor. Cal. Civ.Code § 1812.700(a). The notice provision provides debtors with notice of their rights under the Rosenthal Act and the FDCPA, and provides contact information for debtors' questions or complaints. *See* Cal. Civ. Code § 1812.700. Defendant's April 27, 2005 letter did not include the Rosenthal Act notice provision. (Compl., Ex. A.)

### b. Was the Communication False, Deceptive, or Misleading?

 Plaintiff contends that because Defendants April 27, 2005 letter did not con-

tain the Rosenthal Act notice provision, the communication violated 15 U.S.C. §§ 1692e and 1692f. Section 1692e provides that a debt collector cannot use a false, deceptive, or misleading representation or means in connection with the collection of a debt. 15 U.S.C. § 1692e. The provision also sets forth sixteen non-inclusive examples of conduct which would violate § 1692e, including: false representation of the legal status or character of a debt; the threat of legal action which is not intended or cannot be taken; misrepresenting to the debtor that she committed a crime; failure to disclose in the initial communication that the debt collector is collecting a debt; or the use of deceptive means or a false representation to collect a debt. 15 U.S.C. § 1692e(1)-(16). Section 1692f prohibits unfair or unconscionable means of collecting. 15 U.S.C. § 1692f; *see also Wade,* 87 F.3d at 1100.

The Ninth Circuit has concluded that the notice provisions set forth in 15 U.S.C. § 1692g are sufficient to apprise debtors of their rights. *See e.g., Dunlap,* 419 F.3d at 1012. The Ninth Circuit has not determined that the Rosenthal Act notice provision is necessary to avoid creating a false, deceptive, or misleading communication. *See id.* For example, in *Dunlap,* the Ninth Circuit held that a letter similar to the one at hand, which met the notice requirements of 15 U.S.C. § 1692g, did not violate 15 U.S.C. § 1692e. *Dunlap,* 419 F.3d at 1012. The *Dunlap* Court noted that the letter was straight-forward, non-threatening, and in compliance with the notice requirements of the FDCPA. *Id.* In *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.,* 290 F.3d 1055, 1057 (9th Cir.2002), the Ninth Circuit concluded that a statement requesting prompt payment contained in an initial written communication did not violate 15 U.S.C. § 1692e because it did not convey a threat, did not overshadow other language in the commu-

nication, and the it provided the plaintiff with notice of his rights.

Defendant's April 25, 2007 letter did not violate §§ 1692e or 1692f. The letter complied with the notice requirements of the FDCPA under 15 U.S.C. § 1692g. The letter stated the amount Plaintiff owed, to whom it was owed, and provided notice that if not disputed within 30 days, the debt would be assumed valid, among things. (Compl., Ex. A.) The letter was non-threatening and straightforward. *See Renick,* 290 F.3d at 1057. Nothing in or omitted from the letter suggests an unconscionable or unfair attempt to collect a debt. *See Wade,* 87 F.3d at 1100. The letter informed Plaintiff that she could have contested the debt or requested more information about the debt or her creditor. Reading Defendant's letter from the standpoint of a least sophisticated debtor, the Court concludes that it was not was false, deceptive, or misleading in violation of § 1692e. *See Wade,* 87 F.3d at 1100; *see also Dunlap v. Credit Protection Assn.,* 419 F.3d 1011, 1012 (9th Cir.2005). Nor was the letter an unfair or unconscionable means of collecting a debt in violation of § 1692f. *See Wade,* 87 F.3d at 1100. Furthermore, Plaintiff has not set forth any information to show that the letter actually misled or deceived her. *See Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. While the inclusion of the Rosenthal Act notice provision could have provided Plaintiff with additional information about proper debt collection practices as well as resources for her to consult, it was not a necessary component to avoid a violation the FDCPA.

A finding that Defendant violated the FDCPA because it did not include the state notice provision in its letter would impermissibly expand the scope of the FDCPA. *See* 15 U.S.C. § 1692n. If one were to interpret the FDCPA in accord

with Plaintiff's assertions, a debt collector in any state, when communicating with a debtor in writing, would be required to include the Rosenthal Act notice provision or risk violating 15 U.S.C. § 1692e. However, if this were Congress's intent, Congress would have incorporated the substantive notice requirements of the Rosenthal Act into the FDCPA. *See Fargo v. C.I.R.*, 447 F.3d 706, 712 (9th Cir.2006) (in determining Congressional intent, the text comes first, then legislative history). From the plain text of the FDCPA it is clear that Congress determined that 15 U.S.C. § 1692g's notice provisions were adequate. *See Alkan*, 336 F.Supp.2d at 1065.

Based on all of the information in the record, the Court concludes that the letter did not violate 15 U.S.C. §§ 1692g, 1692e, or 1602f. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Accordingly, the Court GRANTS Defendant's motion for summary judgment on Plaintiff's claim for violation of the FDCPA.

**2. Plaintiff's State Law Claim**

A district court should dismiss a supplemental state law claim where all of the claims over which it had original jurisdiction have been dismissed. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see also* 28 U.S.C. § 1367(c)(3). The Court has dismissed Plaintiff's first claim for violation of the FDCPA, which was the basis for jurisdiction in this Court. Therefore, the Court DECLINES to exercise supplemental jurisdiction over Plaintiff's second, state law claim. Accordingly, Plaintiff's second claim is DISMISSED. *See Gibbs*, 383 U.S. at 726–27, 86 S.Ct. 1130.

**Conclusion**

For the aforementioned reasons, the Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's first claim for violation of the FDCPA, **DECLINES** to exercise supplemental jurisdiction over and therefore **DISMISSES** Plaintiff's second state law claim without prejudice, and **TERMINATES** the case.

IT IS SO ORDERED.