628 F.Supp.2d 1237 (2009)
Carlos McGREW, et al., Plaintiffs,
v.
COUNTRYWIDE HOME LOANS, INC., et al., Defendant.
Case No. 08-CV-1831 DMS (BLM).
United States District Court, S.D. California.
May 27, 2009.
*1239 Nicole Rae Gallagher, The Law Office of Nicole R. Gallagher, Chula Vista, CA, for Plaintiffs.
Chaise Richard Bivin, Jane K. Lee, Severson & Werson, Irvine, CA, Darin Lee Wessel, Manning & Marder Kass Ellrod Ramirez LLP, Los Angeles, CA, for Defendant.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
DANA M. SABRAW, District Judge.
Pending before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Countrywide Home Loans, Inc. ("Countrywide").[1] (Doc. 18.) The Court finds this matter suitable for submission without oral argument. See Civil Local Rule 7.1.d.1. For the following reasons, the motion is granted in part and denied in part.
Plaintiffs Carlos and Laura McGrew purchased a home financed by a negatively-amortizing adjustable-rate mortgage. Plaintiffs contend they were coerced into taking the home loan due to Defendants' false statements and predatory under-writing and lending tactics. Plaintiffs' First Amended Complaint (FAC) alleges, as against Countrywide, six claims for relief: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641; (2) breach of a fiduciary duty under TILA, 15 U.S.C. *1240 § 1639a; (3) violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 and 47 C.F.R. § 64.1200; (4) violation of California's Unfair Competition Law (" § 17200"), Cal. Bus. & Prof.Code § 17200, et seq.; violation of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ.Code § 1788, et seq.; and (5) a declaration under Cal.Civ.Proc.Code § 1060 of Countrywide's right to foreclose on Plaintiffs' home absent possession of the original note.

I.

LEGAL STANDARDS

A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)
A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.2001). Dismissal of a claim is warranted under Rule 12(b)(6) when the claim lacks a cognizable legal theory or there are insufficient facts alleged to support plaintiff's theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). Although "a complaint need not contain detailed factual allegations ... it must plead `enough facts to state a claim to relief that is plausible on its face.'" Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). Resolution of a Rule 12(b)(6) motion requires the court to: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-338 (9th Cir.1996).
The scope of review under Rule 12(b)(6) is generally limited to the contents of the complaint. Clegg v. Cult Awareness Network, 18 F.3d, 752, 754 (9th Cir.1994). If a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995). Leave to amend, however, may be denied where a complaint previously has been amended, or where amendment would be futile. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990).

II.

DISCUSSION
Countrywide seeks dismissal for failure to state a claim on the six claims for relief asserted by Plaintiffs against it. Each is addressed in turn.

A. TILA Claim
Plaintiffs concede that their TILA damages claim is time-barred pursuant to TILA's one year limitations period. See 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). Because amendment would be futile, this claim is dismissed with prejudice.

B. Breach of Fiduciary Duty (TILA)
Plaintiffs allege that Countrywide owes them a fiduciary duty under TILA's newly-enacted section 129A(a). Existing contractual obligations notwithstanding, that section provides that a servicer of pooled residential mortgages owes "a duty to maximize the net present value of the pooled mortgages in an investment to all investors and parties having a direct or indirect interest in such investment, not to any individual party or group of parties." 15 U.S.C. § 1639a(a)(1). Read as a whole, *1241 the new provision does not create liability; rather, it protects servicers from claims of a breach of fiduciary duty if they revise or refinance a mortgage that is in default, when the mortgage is part of a mortgage pool. See id., at § 1639a(a)(1)-(2). Moreover, Countrywide correctly argues that there is no evidence that Congress intended to create a private right of action for borrowers under 15 U.S.C. § 1639a. Plaintiffs, as borrowers, do not have an interest in a mortgage pool. See generally Chase Manhattan Mortg. Corp. v. Advanta Corp., No. Civ.A.01-507 KAJ, 2005 WL 2234608, *1 (D.Del. Sept. 8, 2005) (describing typical mortgage securitization and duties of servicers owed to investors). Because Plaintiffs fail to allege facts demonstrating Countrywide owed them a duty by virtue their direct or indirect interest in a residential mortgage pool serviced by Countrywide, Plaintiffs fail to state a claim. Accordingly, the motion is granted with leave to amend as to this claim.

C. TCPA Claim
In their fifth claim for relief, Plaintiffs allege Countrywide violated the TCPA by repeatedly calling their home using prerecorded or artificial message using an automated telephone dialing system, in violation of 47 U.S.C. § 227(b)(1)(B). Plaintiffs seek damages, including statutory damages of $500 for each call, and treble damages for willful and knowing violations pursuant to 47 U.S.C. § 227(b)(3). Countrywide initially argues that Plaintiffs fail to plead with specificity the nature or timing of the alleged offensive phone calls. This is incorrect. First, TCPA claims do not involve fraud or similar fraudulent conduct that would require particularized pleading under Federal Rule of Civil Procedure 9(b). Instead, they appear to be governed by the more liberal notice pleading standards of Rule 8, which requires Plaintiffs to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In other words, a complaint must contain "more than labels and conclusions" or a "recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under the TCPA, it is unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B). Here, Plaintiffs allege that Defendant began making artificial or prerecorded telephone calls "multiple times a day, most days, starting in December 2008 and continuing at the time of this filing." (FAC ¶ 69.) This satisfies Rule 8(a).
Second, Countrywide argues that it is exempt from the TCPA by virtue of an "established business relationship" with Plaintiffs. See 47 U.S.C. § 227(b)(2)(B). According to Countrywide, the alleged telephone communications "concern a lender and/or a loan servicer trying to collect loan payments," and as such, are indicative of an existing business relationship. Countrywide relies on an FCC order interpreting the TCPA and its regulations, which states that "all debt collection circumstances involve a prior or existing business relationship." See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Red. 8752, 8771-72 (1992) (hereinafter "FCC Order"). However, the FCC Order expressly rejected a specific exemption for debt collection calls. Id. at 8773. It is the FCC's position that a debt collection exemption was unnecessary as those calls are covered by exemptions for commercial calls: (1) involving an existing business relationship; or (2) which do not *1242 affect privacy rights and which do not transmit unsolicited advertisements. Id. Therefore, the Court would look to pertinent federal regulations to determine whether Countrywide is exempt from TCPA liability. See 47 C.F.R. § 64.1200(f)(4) (defining established business relationship); see FCC Order at 8773, n. 72 (TCPA legislative intent shows not all debt collection calls are within "established business relationship").
Nevertheless, Plaintiffs correctly argue that Countrywide does not show it qualifies for the exemption. See Report and Order and Third Order on Reconsideration, 21 FCC Red 3787, 3793-96 (2006) (burden of proof to demonstrate established business relationship is on sender). Here, Countrywide does not come forward with any evidence to demonstrate the existence of an established business relationship that was not terminated by Plaintiffs. See 47 C.F.R. § 64.1200(f)(4). Even if it had, the Court cannot resolve a factual question on a motion to dismiss. The motion is therefore denied as to the TCPA claim.

D. Rosenthal Act claim
Plaintiffs allege that Countrywide violated California's Rosenthal Act by attempting to collect debt owed to Countrywide. Countrywide initially argues that these allegations do not satisfy Rule 8 because, at most, "Plaintiffs merely offer regurgitations of portions of the statute." The Court disagrees. Among the acts Plaintiffs allege are unlawful are the following: (1) making deceptive or misleading representations in debt collection because Defendants cannot produce the promissory note or deed of trust;[2] (2) making rude and harassing phone calls to Plaintiffs at home and at their place of employment; and (3) communicating with Plaintiffs even after they indicated their desire to not speak with Countrywide, directing its agents to contact their retained counsel. Plaintiffs also allege that the phone calls began in March 2008 and continued until the complaint's filing. This satisfies Rule 8.
Countrywide raises two more arguments against the Rosenthal Act allegations. First, it argues that because it is not a "debt collector" under the Rosenthal Act, Plaintiffs fail to state a claim. According to Countrywide, there is no indication that the statute was intended to apply to mortgage lenders and servicers. Second, Countrywide argues that foreclosure on a loan is not debt collection within the Rosenthal Act, citing Ines v. Countrywide, No. 08cv1267 WQH (NLS), 2008 WL 4791863, at *3 (S.D.Cal. Nov. 3, 2008). These arguments are unavailing. The Rosenthal Act regulates the collection of "consumer debts," i.e., those incurred by natural persons to acquire property, services, or money for personal, family, or household use. Cal. Civ.Code § 1788.2(b), (e)-(f), (h). It applies to "any person who, in the ordinary course of business, regularly, and on behalf of himself or herself or others, engages in debt collection." Id., at § 1788.2(c). Under this definition, and unlike the federal Fair Debt Collection Practices Act (FDCPA), "debt collector" includes creditors and mortgage servicers. Compare id., with 15 U.S.C. § 1692a(6)(G) and Perry v. Stewart Title Co., 756 F.2d *1243 1197, 1208 (5th Cir.1985) (citing S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, U.S.Code Cong. & Admin.News 1977, pp. 1695, 1698) (§ 1692a(6)'s legislative history makes plain "debt collector does not include the consumer's creditors [or] a mortgage servicing company"). Furthermore, under California's nonjudicial foreclosure statute, trustees conducting a trustee sale are specifically exempt from the Rosenthal Act. See Cal. Civ.Code § 2924(b). From this, it is plain that the California legislature understands the Rosenthal Act may apply to foreclosure proceedings. Applying principles of statutory construction, the Court presumes that the omission of the lenders and servicers from Cal. Civ.Code § 2924(b) means that such actors may be held liable for any unlawful debt collection activities during foreclosure. See Boudette v. Barnette, 923 F.2d 754, 756-57 (9th Cir.1991) (doctrine of expressio unius est exclusio alterius creates presumption that when statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions); 2A C. Sands, Sutherland Statutory Construction § 47.23 (7th ed. 2008). Countrywide does not rebut the presumption by directing the Court to contrary authority. Finally, Ines is distinguishable. There, the pro se litigant failed to properly allege a Rosenthal Act violation. Id. (conclusory allegation that "Defendants may be a debt collector"). Here, Plaintiffs properly allege Countrywide's acted as a debt collector seeking to collect on a consumer debt within the meaning of the Rosenthal Act. Countrywide's motion is denied on these grounds.

E. Section 17200 claim
Plaintiffs allege violations of California Business and Professions Code § 17200, due to Defendant's violations of the TCPA and TILA, breach of its fiduciary duties as a loan servicer under TILA, and refusal to negotiate in good faith. (FAC ¶ 110.) Section 17200 proscribes "any unlawful, unfair or fraudulent business act or practice[.]" These varieties of unfair competition are disjunctive, i.e., any act that is "`unlawful, unfair[,] or fraudulent'" can serve as the basis for a claim of unfair competition liability. Cel-Tech Commn's, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180, 83 Cal. Rptr.2d 548, 973 P.2d 527 (1999); In re Pomona Valley Med. Group, 476 F.3d 665, 674 (9th Cir.2007). Countrywide argues that Plaintiffs' § 17200 claim fails because it is premised on "unlawful" activities, i.e., Plaintiffs' other claims for relief, which in turn, fail. In addition, Countrywide argues that its alleged refusal to negotiate in bad faith is not unlawful, as contractual parties do not have a general obligation to modify any existing contract, citing Racine & Laramie, Ltd., Inc. v. Dep't of Parks and Rec., 11 Cal.App.4th 1026, 1030, 14 Cal.Rptr.2d 335 (1992). Because Plaintiffs' TCPA and Rosenthal Act claims are properly pled, they support Plaintiffs' § 17200 claim. Countrywide is correct, however, insofar as Plaintiffs' TILA claims fail as pled. As to the alleged refusal to negotiate loan modification in good faith, it is unclear from the FAC whether Countrywide is under any legal obligation to engage in loan modification, such as would be the case if Plaintiffs' loan was subject to the terms of a consent decree entered into by Countrywide and the Attorney General of the State of California. See People v. Countrywide Financial Corp., et al., No. LC083076, 2008 WL 4699419 (Super.Ct.L.A.County, N.W. Dist., Oct. 20, 2008) (order approving stipulated judgment and injunction). As to the loan modification allegations, therefore, Plaintiffs must allege greater facts or legal authority to "raise the right of relief above the speculative level." Twombly, 550 U.S. at 555, 127 S.Ct. 1955. Accordingly, Countrywide's motion is granted with leave to *1244 amend in part and denied in part as to Plaintiffs' § 17200 claim.
In addition, Plaintiffs seek statutory penalties for these alleged unlawful penalties. However, "no one may recover damages under [§ 17200]." Californians For Disability Rights v. Mervyn's, LLC, 39 Cal.4th 223, 232, 46 Cal.Rptr.3d 57, 138 P.3d 207 (2006); see Kasky v. Nike, Inc., 27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296, 45 P.3d 243 (2002) (civil penalties are not available to private plaintiffs in a § 17200 claim). The Court may strike portions of a pleading sua sponte pursuant to Federal Rule of Civil Procedure 12(f). Corrections USA v. Dawe, 504 F.Supp.2d 924, 930 (E.D.Cal.2007); see United States v. 416.81 Acres of Land, 514 F.2d 627, 630 (7th Cir.1975) (notice and hearing are not required). Under Rule 12(f), the Court may strike "requested relief [that] is not recoverable as a matter of law." Wilkerson v. Butler, 229 F.R.D. 166, 172 (E.D.Cal.2005); see LeDuc v. Kentucky Central Life Ins. Co., 814 F.Supp. 820, 830 (N.D.Cal.1992) (striking § 17200 restitution claims as irrelevant because plaintiffs failed to adequately distinguish such claims from damages claims, which are not recoverable). Because damages are not available under § 17200, any references to statutory damages in Plaintiffs' claim are stricken.

F. Declaratory relief
Plaintiffs ask the Court to declare that Countrywide may not foreclose on their home if it is not in possession of both the promissory note and deed of trust. Countrywide correctly argues it may foreclose on the property without possession of the note. "[California] Civil Code sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal.App.4th 822, 830, 30 Cal.Rptr.2d 777 (1994). In such a sale, no party needs to physically possess the promissory note. See Cal. Civ.Code § 2924(a)(1) (trustee's sale may be conducted by the "trustee, mortgagee, or beneficiary or any of their authorized agents"). Because "[t]he comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive," the Court cannot "incorporate [the UCC's possession rule] into statutory nonjudicial foreclosure proceedings." Moeller, 25 Cal.App.4th at 834, 30 Cal. Rptr.2d 777. Plaintiff's claim for declaratory relief is therefore dismissed.

III.

CONCLUSION
For the foregoing reasons, Countrywide's motion to dismiss is granted in part and denied in part. Plaintiffs shall file an amended complaint consistent with this Order within twenty (20) days of entry of this Order on the Court's docket.
IT IS SO ORDERED.
NOTES
[1] Because Defendants SATCAL and Donohoe have not yet answered or filed a responsive motion, the Court's order pertains only to Defendant Countrywide.
[2] Despite Rule 8, this allegation fails to state a claim. The Rosenthal Act incorporates provisions of the FDCPA by reference. Cal. Civ. Code § 1788.17; see Alkan v. Citimortgage, Inc., 336 F.Supp.2d 1061, 1065 (N.D.Cal. 2004.) Among those, 15 U.S.C. § 1692e makes unlawful any false representations made in connection with debt collection efforts that concern a collector's ability or efforts to initiate legal proceedings against the debtor. As discussed in section F, below, Countrywide may conduct a trustee's sale without possession of the original note. Accordingly, this allegation is dismissed.