**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN DUNLAP, on behalf of himself
and all others similarly situated,
            *Plaintiff-Appellant,*

            v.

CREDIT PROTECTION ASSOCIATION,
L.P.,

            *Defendant-Appellee.*

No. 03-56511

D.C. No.
CV-02-02393-BTM

OPINION

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted
June 7, 2005—Pasadena, California

Filed August 16, 2005

Before: Betty B. Fletcher, Pamela Ann Rymer, and
Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Robert L. Arleo, New York, New York, and Jeffrey P. Fink, San Diego, California, for the plaintiff-appellant.

Stephen H. Turner, David J. Kaminski, and Joseph R. Zamora, Los Angeles, California, for the defendant-appellee.

## OPINION

PER CURIAM:

Plaintiff-appellant John Dunlap claims that the use of the name, "Credit Protection Association," in the context of a debt collection letter, violates various provisions of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692e. The district court dismissed the case on the pleadings and granted judgment in favor of the defendant-appellee, Credit Protection Association, L.P. ("CPA"). We affirm.[1]

Dunlap allegedly incurred a debt of $12.90 to Blockbuster Video. Blockbuster referred the alleged debt to CPA for collection purposes. On November 15, 2002, CPA sent a collection or "dunning" letter to Dunlap. The letterhead bears the defendant's name, "Credit Protection Association," in large, capital lettering. The letterhead's sub-headings indicate that CPA is a "nationwide collection company" and warn that the letter "is an attempt to collect a debt" and that "any information obtained will be used for that purpose," in compliance with the FDCPA. 15 U.S.C. § 1692e(11). The body of the let-

---

[1]We review a judgment dismissing a case on the pleadings *de novo*. *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation marks and citation omitted).

ter notifies Dunlap that Blockbuster's records indicate that his account is past due and informs him of his right to dispute the debt, as required by 15 U.S.C. § 1692g(a).

The FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "Without limiting the general application of the foregoing," § 1692e also specifically proscribes various debt collection practices. Dunlap argues that the CPA letter violates § 1692e generally, as well as subsection 1692e(2)(A), which prohibits the false representation of "the character, amount, or legal status of any debt," and subsection 1692e(5), which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."

All of Dunlap's claims are based on the following reasoning: use of the name, "Credit Protection Association," coupled with the demand for payment, implies that CPA will damage the debtor's credit by reporting the debt to credit reporting agencies if a payment is not made. In other words, the name implies that the debtor must make a payment in order to "protect his credit." Because credit reporting agencies generally do not report de minimis debts, and CPA has no intention of actually reporting debtors who owe only de minimis amounts, the name's implication is misleading and threatens unintended action.

**[1]** The impact of language alleged to violate the FDCPA is judged under the "least sophisticated debtor" standard. *See, e.g.*, *Swanson v. Southern Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). We find that CPA's letter would not impermissibly mislead the least sophisticated debtor into believing that his credit would be damaged by a failure to pay a de minimis debt. Any inference regarding credit reporting that can be drawn from CPA's name is, at best, very weak. Moreover, any such inference is not sustained by the letter's main text, which mentions nothing about credit reporting, complies with FDCPA requirements, and is straightforward and non-threatening. Although CPA does not inform debtors

that de minimis debts are rarely reported, the mere omission of this information is not so misleading that it violates the FDCPA.

[2] Nor is there any threat of unintended action: CPA's collection letter, at worst, only vaguely and generally implies that the reader should pay his debt in order to protect his credit rating. In *Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996), the challenged dunning letter contained statements that warned of possible credit-rating damage far more expressly than any language in the CPA letter, yet we concluded that the *Wade* letter contained "no threat." *Id.* at 1099-1100.[2] Thus, even assuming that the least sophisticated debtor would construe CPA's notice as some kind of warning, it cannot be characterized as a threat for the purpose of 15 U.S.C. § 1692e(5) under the standard set in *Wade*.

[3] Dunlap does not explain with specificity how CPA's dunning letter falsely represents the character, amount, or legal status of his debt in violation of § 1692e(2)(A); nor does Dunlap cite any cases that support this claim. We therefore conclude that this claim is without merit.

**AFFIRMED.**

---

[2]The relevant portion of the letter in *Wade* contained the following statements:

> WHY HAVEN'T WE HEARD FROM YOU? OUR RECORDS STILL SHOW THIS AMOUNT OWING.

> If not paid TODAY, it may STOP YOU FROM OBTAINING credit TOMORROW. PROTECT YOUR CREDIT REPUTATION. SEND PAYMENT TODAY.

> . . .

> DO NOT DISREGARD THIS NOTICE. YOUR CREDIT MAY BE ADVERSELY AFFECTED.

*Wade*, 87 F.3d at 1099.