George L. **MOTHERSHED,**
Plaintiff–Appellant,

v.

David A. **THOMSON, et al.,**
**Defendants–Appellees.**

No. 06–15473.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Aug. 13, 2007 *.

Filed Aug. 24, 2007.

George L. Mothershed, Phoenix, AZ, pro se.

Richard F. Albrecht, Esq., AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, Lise S. Jacobson, Esq., AGCA–Office of the California Attorney General, San Diego, CA, Robert Grasso, Jr., Esq., Tempe, AZ, for Defendants–Appellees.

Before: KLEINFELD, M. SMITH, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

George L. Mothershed appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging an attorney and two state court judges violated his constitutional rights and state law during litigation of a professional malpractice action against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Dunlap v. Credit Prot. Ass'n, L.P.*, 419 F.3d 1011, 1012 n. 1 (9th Cir. 2005), and we affirm.

The district court properly dismissed Mothershed's claims that state court judges violated his due process rights in exercising jurisdiction over the state court action. *See Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (judges are entitled to absolute immunity from action taken in their judicial capacity unless they clearly lacked jurisdiction).

The district court also properly concluded defendant Thomson was not acting under color of state law in filing suit against Mothershed on behalf of his client. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir.2003) (attorneys performing traditional lawyer functions are not state actors subject to section 1983).

Moreover, the district court did not abuse its discretion in dismissing the remaining state tort claims against Thomson. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189 (9th Cir.2001) (holding district court may refuse to exercise supplemental jurisdiction over state law claims once all the federal claims are dismissed).

As all claims against all defendants in the case were dismissed by the district court, Mothershed's motion for a preliminary injunction was properly denied as moot.

Mothershed's remaining contentions are also unpersuasive.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument, and we deny Mothershed's motion for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.