**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LYNN ANN HUST,

Plaintiff - Appellant,

v.

STATE OF WYOMING; et al.,

Defendants - Appellees.

No. 09-35102

D.C. No. 3:08-cv-05501-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 28, 2009[**]
San Francisco, California

Before: BEEZER, HALL and T.G. NELSON, Circuit Judges.

Plaintiff-appellant Lynn Ann Hust ("Hust") appeals pro se the district

court's dismissal of her suit in favor of thirty-one defendants-appellees. The

district court dismissed the suit on several grounds, including the court's refusal to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

interfere in an ongoing state criminal prosecution, Hust's failure to comply with Wyoming and Washington tort claim filing statutes and Hust's failure to comply with the applicable statute of limitations.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The facts of this case are known to the parties. We do not repeat them here.

## I

We review "a judgment dismissing a case on the pleadings de novo." *Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 591 (9th Cir. 2008) (quoting *Dunlap v. Credit Prot. Ass'n, L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (per curiam)). We may affirm on any ground supported by the record, even if it was not relied upon by the district court. *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1097 (9th Cir. 2003).

We review a district court's decision not to exercise supplemental jurisdiction over state law claims for an abuse of discretion. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1233 n.3 (9th Cir. 2008).

## II

The district court dismissed Hust's civil rights claims pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a § 1983 action seeking damages for unconstitutional conviction or confinement cannot be pursued unless the

2

underlying criminal case has been dismissed or reversed in favor of the criminal defendant. *Heck*, 512 U.S. at 484–86, 489.

Here, the district court properly dismissed Hust's civil rights claims because Hust did not even show that she had been to trial following her arrest, much less that the criminal proceedings against her were dismissed or otherwise resolved in her favor. Hust's civil rights claims were premature, and Hust fails to raise any legal argument on appeal as to how the district court erred in its analysis.[1]

### III

The district court properly dismissed all of Hust's tortious claims against Wyoming, Washington and the agencies, departments, municipalities and employees of those states because Hust failed to comply with the applicable state tort claim filing statutes.

In Wyoming, a litigant must file a written tort claim with the state of Wyoming before the litigant can file a complaint alleging tortious conduct by the state of Wyoming, Wyoming agencies or Wyoming employees acting within their

---

[1] The Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384 (2007) does not change our analysis here. *Wallace* provides that an exception to the *Heck* rule exists when "legal process" has not been initiated. *See id*. at 389–90.

Here, the district court correctly concluded that Hust was arrested pursuant to legal process—she was arrested pursuant to a warrant, unlike the plaintiff in *Wallace*—and *Wallace*, therefore, does not provide an exception to the general *Heck* bar of her § 1983 false arrest claim.

3

official duties. Wyo. Stat. Ann. § 1-39-113. Washington has enacted a similar statute. Wash. Rev. Code § 4.92.110.

Here, Hust's complaint does not even allege, much less prove, that she complied with these statutes. Moreover, she did not object or reply when the states and state defendants moved to dismiss on this ground. And the record provides no indication that Hust complied with the statutes in either state.

## IV

The district court also properly dismissed with prejudice Hust's claims against the various media defendants because Hust's claim is barred by the two year statute of limitations for defamation suits. *See* Wash. Rev. Code § 4.16.100. Hust filed her instant complaint on August 13, 2008, more than two years after the allegedly defamatory articles were published.

## V

The district court dismissed Hust's remaining state law claims by declining to exercise supplemental jurisdiction over them. On appeal, Hust does not object to the district court's decision not to accept supplemental jurisdiction. Absent any argument to the contrary, the district court acted within its discretion by dismissing Hust's remaining state law claims.

**AFFIRMED.**