FILED

NOV 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SAMUEL GORDON, Jr., a married individual,<br><br>                 Plaintiff - Appellant,<br><br>  v.<br><br>INVIVA INC, a Kentucky and Delaware corporation doing business as American Life Direct and American Life Insurance Co of New York; JOHN DOES, I-X,<br><br>              Defendants - Appellees. | No. 10-35283<br><br>D.C. No. 2:06-cv-01537-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

James Samuel Gordon, Jr., appeals pro se from the district court's judgment

on the pleadings in his action alleging that defendants' transmission of unsolicited

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

commercial email or spam violated federal and state statutes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Dunlap v. Credit Prot. Ass'n LP*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (per curiam), and may affirm on grounds supported by the record, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

The district court properly granted judgment on the pleadings as to Gordon's claim under the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (the "CAN-SPAM Act") because he lacks standing to sue under the Act. *See Virtumundo*, 575 F.3d at 1051-57 (explaining in analogous context that Gordon lacks standing to file a private lawsuit under the CAN-SPAM Act because he is not an adversely affected, bona fide Internet access provider).

Judgment on the pleadings on the basis of preemption was proper as to Gordon's claim under the Washington Commercial Email Marketing Act (the "CEMA") because he did not allege the fraud or deception necessary to exempt the claim from the CAN-SPAM Act's preemption clause. *See id.* at 1062-64 (CEMA claim alleging non-deceptive, immaterial inaccuracies or incomplete, omitted information in spam emails is preempted by the CAN-SPAM Act, which only exempts from preemption those state laws that narrowly regulate fraudulent or deceptive commercial emails).

Judgment on the pleadings was proper as to Gordon's claim under the Washington Consumer Protection Act (the "CPA") because Gordon did not establish several elements of such a claim as a matter of law. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*, 719 P.2d 531, 535-37 (Wash. 1986) (listing CPA claim elements); *see also Virtumundo*, 575 F.3d at 1065-66 (Gordon failed to establish elements of nearly identical CPA claim).

Gordon's remaining contentions are unpersuasive.

We deny as moot Gordon's renewed motion to correct the district court record by adding additional pleadings. However, in light of Gordon's pro se status, we have considered all submitted documents.

**AFFIRMED**.