**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAMON LYMAN; CLAUDIA LYMAN, | No. 09-56958 |
| Plaintiffs - Appellants, | D.C. No. 8:06-cv-01174-CJC-AN |
| v. | |
| LOAN CORRESPONDENTS INC., a California corporation, DBA Capital Funding Group; et al., | MEMORANDUM[*] |
| Defendants - Appellees., | |
| and | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as indenture trustee of the indenture relating to IMH Assets Corp., collaterized asset-backed bonds, Series 2004-7, | |
| Intervenor. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 21, 2012[]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Damon and Claudia Lyman appeal from the district court's order dismissing on the pleadings their action alleging violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement and Procedures Act ("RESPA"), and California's Unfair Competition Law ("UCL").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Dunlap v. Credit Prot. Ass'n, LP*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (per curiam), and we affirm.

The district court properly dismissed the Lymans' TILA damages claim as time-barred because their action was not filed within one year of the alleged violations.  *See* 15 U.S.C. § 1640(e) (an action for damages must be brought within one year of the alleged violation); *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (holding that "the limitations period in Section 1640(e) runs from the date of consummation of the transaction").

The district court properly dismissed the Lymans' RESPA claim as time-barred because their action was not filed within one year of the alleged violations.  *See* 12 U.S.C. § 2607 (prohibition against kickbacks and unearned fees); 12 U.S.C.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 2614 (proscribing a one-year statute of limitations for violations of § 2607). Contrary to the Lymans' contention, the district court did not abuse its discretion by declining to apply equitable tolling because the Lymans did not allege facts showing that the alleged violations could not have been discovered by a reasonable plaintiff within the limitations period. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003 (9th Cir. 2006) (decision to apply equitable tolling reviewed for an abuse of discretion).

The district court properly dismissed the Lymans' UCL claim as preempted by the Home Owners' Loan Act because their allegations fall within the categories listed in 12 C.F.R. § 560.2(b). *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005-06 (9th Cir. 2008) (Home Owners' Loan Act preempted UCL claims based on loan-related fees and lender's disclosure obligations).

The Lymans' remaining contentions, including those regarding bringing their TILA damages claims as a recoupment defense, are unpersuasive.

**AFFIRMED.**