**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAN GOODRICK, | No. 11-35110 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00017-BLW |
| v. | |
| PAM SONNEN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted May 15, 2012[**]

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

Dan Goodrick, an Idaho state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation and

conspiracy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Dunlap v. Credit Prot. Ass'n, LP*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (per curiam) (judgment on the pleadings); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)).  We affirm.

Goodrick's complaint alleged defendants brought false disciplinary charges against him, conducted an unfair hearing, falsified documents to support the guilty finding, and imposed 30 days of punitive segregation, which Goodrick completed on January 17, 2006.  The district court properly dismissed Goodrick's retaliation claims as time-barred because the claims accrued more than two years before Goodrick filed his complaint on January 16, 2009.  *See* Idaho Code Ann. § 5-219(4) (two-year statute of limitations for personal injury actions); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 actions are governed by the forum state's statute of limitations for personal injury actions, and a claim accrues when the plaintiff knows or should know of the injury which is the basis of the action).  The fact that Goodrick learned in 2008 that the disciplinary charge was dismissed does not alter the accrual date because Goodrick knew at the time of the hearing and sentence that the discipline was based on the alleged false evidence and other improprieties and resulted in damage to him.  *See Wallace v. Kato*, 549 U.S. 384, 391-92 (2007) (the statute of limitations begins to run when the wrongful

act results in damages, even though the full extent of the injury is not then known or predictable).

The district court properly dismissed Goodrick's conspiracy claims for failure to state a claim. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Goodrick's remaining contentions, including that he is entitled to tolling and that the district court erred in denying his discovery requests, are unpersuasive.

**AFFIRMED.**