NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. EC-11-1700-DJuMk |
| | ) |
| RAJ SINGH, | ) Bk. No. 10-28544-RHS |
| | ) |
| Debtor. | ) Adv. No. 11-02118-RHS |
| _____ | ) |
| | ) |
| RAJ SINGH, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| DAVID PAUL CUSICK, Trustee; | ) |
| STEPHEN LIPWORTH; FRANCHISE TAX | ) |
| BOARD; EMPLOYMENT DEVELOPMENT | ) |
| DEPARTMENT; UNITED STATES | ) |
| TRUSTEE, | ) |
| | ) |
| Appellees. | ) |
| _____ | ) |

Argued and Submitted on March 22, 2013
at Sacramento, California

Filed - April 15, 2013

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Ronald H. Sargis, Bankruptcy Judge, Presiding

_____

Appearances:    Appellant Raj Singh argued in pro per; Steven C.
                Finley of Hennefer, Finley & Wood, LLP, argued for
                Appellee, Stephen Lipworth; Robert E. Asperger,
                Deputy Attorney General of California, argued for
                Appellees, Franchise Tax Board and Employment
                Development Department.

_____

[1]    This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8013-1.

Before: DUNN, JURY and MARKELL, Bankruptcy Judges.

After debtor Raj Singh ("Mr. Singh") denied an interest in a 2009 tax refund check ("Tax Refund") issued in his name by the State of California Franchise Tax Board ("Tax Board"), the chapter 13[2] trustee ("Trustee") filed an interpleader action ("Interpleader Action") to determine who among other claimants was entitled to the proceeds ("Proceeds") of the Tax Refund. Mr. Singh filed an answer denying he had any interest in the Proceeds, but asserting that the Proceeds belonged to his former spouse, Karen Singh ("Ms. Singh"). Ms. Singh failed to file an answer, and default was entered against her. The bankruptcy court ruled that Mr. Singh had no standing to assert Ms. Singh's claim and denied his motion to vacate the default entered against Ms. Singh. In light of Mr. Singh's answer denying any interest in the Proceeds, the bankruptcy court approved a settlement between the remaining parties who did claim an interest in the Proceeds and entered judgment ("Judgment") awarding the Proceeds as stated in the settlement. Mr. Singh appealed the Judgment. We AFFIRM.

I. FACTS

A. <u>Prior Appeals</u>.

Mr. Singh is no stranger to this Panel. Over the past three years he has filed the following appeals:

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as Civil Rules.

BAP No. EC-10-1116 - Raj Singh v. Lawrence Loheit, et al.

Mr. Singh filed this appeal April 15, 2010 in a prior bankruptcy case. The appeal was from the dismissal of the case on the trustee's motion for unreasonable delay prejudicial to creditors. The appeal itself was dismissed after Mr. Singh failed to file his opening brief. Mr. Singh's motion to reopen the appeal was denied by the motions panel upon a finding that Mr. Singh had "not provided any good reason why the brief was not filed earlier or why this appeal should be reinstated."

BAP No. EC-10-1290 - Raj Singh v. Lawrence Loheit, et al.

Mr. Singh filed a declaratory judgment action against Karen Singh (his ex-wife) seeking a declaration that he was not Kaus Singh or Suman Mehta. The bankruptcy court held an evidentiary hearing on Mr. Singh's motion for default judgment and denied all relief sought. Mr. Singh filed his Notice of Appeal on August 5, 2010. Prior to the November 2011 argument, the merits panel issued an order: "This appeal is set for oral argument on November 16, 2011 in Sacramento, California. Without a transcript of [the evidentiary] hearing, it does not appear that the Panel will be able to consider whether the bankruptcy court erred in entering the judgment on appeal. Accordingly, appellant shall have until Friday, November 4, 2011 to file a copy of the July 13, 2010 transcript with the BAP Clerk's Office." Mr. Singh responded that no transcript was necessary. He appeared at argument. The Panel issued a decision on the merits via a memorandum dismissing the appeal based on a deficient record. Mr. Singh appealed to the 9th Circuit, which

3

denied his request to proceed in forma pauperis. When Mr. Singh failed to meet the deadline to pay the filing fee, the circuit dismissed his appeal.

BAP No. EC-10-1471 - Raj Singh v. Lawrence Loheit, et al.

On November 30, 2010, Mr. Singh filed a notice of appeal from the alleged dismissal of his second bankruptcy case. The clerk's notice when the documents were forwarded to the BAP indicated that no dismissal order had been signed. The BAP clerk issued an order advising Mr. Singh that unless he obtained a signed order from the bankruptcy court, the appeal would be dismissed for lack of jurisdiction. No order was entered, and this appeal was dismissed.

BAP No. EC-12-1036 - Raj Singh v. David Cusick, et al.[3]

The bankruptcy court ultimately entered its order on the Trustee's 2010 motion to dismiss on December 21, 2011. Mr. Singh filed his notice of appeal from that order on January 13, 2012. The appeal was dismissed as untimely on March 30, 2012. The BAP later denied Mr. Singh's motion for reconsideration. His further appeal to the 9th Circuit was dismissed after Mr. Singh again failed to pay his filing fee.

B. The Current Appeal.

On June 22, 2010, the Trustee received a check from the Tax Board in the amount of $13,881.68, representing a refund due and owing to Rhaghvendra Singh for overpayment of 2009 taxes. On

---

[3] This appeal actually was filed subsequent to the current appeal.

4

February 22, 2011, the Trustee filed the Interpleader Action seeking a determination from the bankruptcy court as to whom the Proceeds should be disbursed. The Complaint alleged that Mr. Singh did not schedule a property interest in the Tax Refund in his bankruptcy case. The Complaint named as potential claimants: Mr. Singh, based upon his claim or demand on the Trustee; Ms. Singh, based on Mr. Singh's representations that the Proceeds may belong to her; the Tax Board, based on its claim that the Tax Refund was paid to the Trustee in error; appellee Employment Development Department ("EDD"), pursuant to a February 11, 2011 levy for an outstanding obligation owed by Mr. Singh; and appellee Stephen Lipworth ("Mr. Lipworth"), pursuant to a July 28, 2010 levy based on Mr. Lipworth's prepetition judgment against Mr. Singh.

The Tax Board filed an answer, asserting that pursuant to Cal. Civ. Code § 2223 or § 2224, the Trustee was a constructive trustee of the Proceeds for the benefit of the Tax Board. The Tax Board requested that the bankruptcy court direct the Trustee to pay the Proceeds to the Tax Board. [Docket #10[4]].

The EDD filed an answer, also asserting that pursuant to Cal.

---

[4] A relatively limited record was provided by the parties. We reviewed documents on the bankruptcy court docket which would elucidate the facts. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1988)(providing that the BAP may take judicial notice of the underlying bankruptcy records with respect to an appeal); Atwood v. Chase Manhattan Mortgage Co. (In re Atwood), 293 B.R. 227, 233, n.9 (9th Cir. BAP 2003)("We have obtained copies [of the relevant documents] from the clerk of the bankruptcy court, and take judicial notice of them."), citing Fegert, 887 F.2d at 957-58.

5

Civ. Code § 2223 or § 2224, the Trustee was a constructive trustee of the Proceeds for the benefit of the Tax Board. The EDD further asserted that California's Interagency Intercept Collection Program (Cal. Gov. Code § 12419.5) required the Tax Board to pay the Proceeds to EDD to satisfy Mr. Singh's unpaid debt for unemployment insurance contributions. The EDD's answer admitted that the Tax Refund issued in the name of Rhaghvendra Singh belonged to Mr. Singh. [Docket #9].

Mr. Lipworth filed an answer, admitting that the Tax Refund issued in the name of Rhaghvendra Singh belonged to Mr. Singh, averring that the Proceeds were subject to levy by Mr. Singh's creditors, and requesting judgment in Mr. Lipworth's favor requiring the Trustee to disburse the Proceeds to him as a creditor. [Docket #13].

Mr. Singh filed an answer, stating "Debtor did not contribute anything to this check and accordingly, this check does not belong to debtor." Mr. Singh's answer also denied that the bankruptcy court had jurisdiction over the Interpleader Action where it previously had announced that Mr. Singh's chapter 13 bankruptcy case would be dismissed. Mr. Singh's answer alternatively asserted that if the bankruptcy court did have jurisdiction, and if any part of the Tax Refund belonged to Mr. Singh, then all parties to the Interpleader Action, except for Mr. Singh and Ms. Singh, were violating the automatic stay in trying to "collect" the Proceeds. Mr. Singh then filed a motion ("Stay Violation Motion") based on these same grounds in which he requested that the bankruptcy court

6

(1) direct that the Proceeds be "returned" to "Karen Singh/Raj Singh" and (2) award Mr. Singh sanctions, including punitive damages, for violation of the automatic stay, "against every violator and violator's attorney."

Ms. Singh filed no answer to the Complaint.

On April 28, 2011, the bankruptcy court held a hearing on the Stay Violation Motion. Because it addresses every issue Mr. Singh raises in the appeal currently before the Panel, we quote in detail the substance of the bankruptcy court's civil minutes of the hearing.

> [Debtor's] principal argument seems to be that the court does not have jurisdiction in this matter because the main bankruptcy case has been dismissed. While the court has announced its decision to dismiss the main bankruptcy case, the court has not yet entered an order actually dismissing the case. The delay relates to the extensive findings of fact and conclusions of law in this case: the court currently [is] preparing the final revision of this important document that outlines the court's reasoning. See generally, Fed. R. Civ. P. 52.

> In any event, the court has jurisdiction over this core proceeding which [arose] in and is related to [Singh's] bankruptcy case. 28 U.S.C. §§ 157(b)(2)(O), 1334(a); E.D. Cal. Gen. Order 223 (Oct. 22, 1987). Even if the parent bankruptcy case had been dismissed, the court could retain jurisdiction to decide the matter. In re Carraher, 971 F.2d 327, 328 (9th Cir. 1992). In doing so, the court must consider economy, convenience, fairness and comity . . . . Id. As this issue has not been fully briefed by the parties, and the [Tax Board] expressed at the [court's] hearing considering an order to show cause in the main bankruptcy case its strong opinion that this was the proper forum to resolve this dispute, the court declines to decide this issue at this juncture. The motion to return the funds and for a declaration is denied.

> [Debtor's] motion for sanctions for violations of the automatic stay is also denied. As the court has previously and repeatedly addressed, there was no

7

automatic stay in this case for any party to violate. 11 U.S.C. § 362(c)(4). Debtor is cautioned that unless he can show that:

> 1. the filing of the motion is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or [needlessly] increase . . . the cost of litigation, and

> 2. the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law,

then he may be subject to sanctions. See Fed. R. Bankr. P. 9011. Repeated filing of a motion that the court has already resolved against Debtor does not meet his obligations under the law. Id.

Additionally, the Debtor has stated numerous times in a number of pleadings . . . that he has no interest in the monies which have been deposited with the court. In his motion the Debtor erroneously states that the court has determined that the Debtor has no interest in the check. Rather, since the Debtor has repeatedly disavowed any right to the monies, notwithstanding the State of California having determined that he was [owed] the refund, the court would not allow the Debtor to claim millions of dollars in sanctions for alleged violations of the automatic stay with respect to these monies. In this latest motion, the Debtor now requests that the money should be given either to Karen Singh, whom is identified as his ex-wife, or the Debtor, who contends he has no right to the monies. Karen Singh has not brought this motion, nor has she asserted any rights in the interpleader action to claim an interest in the monies.

Though he is a very experienced litigant having filed multiple California Superior Court cases, multiple appeals before the California District Court of Appeal, multiple requests for certiorari from the California Supreme Court; multiple bankruptcy cases, adversary proceedings, and contested matters in this court; multiple appeals . . . to the Bankruptcy Appellate Panel, [an] appeal to the Third Circuit Court of Appeal, [an] appeal to the United States District Court for the District of Delaware, and prosecution of [a] claim in the United States Bankruptcy Court for the District of Delaware, the Debtor has not offered any evidence in support of his current motion.

8

> The court cannot and will not grant relief merely because a pleading is filed asking to get paid money.
>
> The motion is denied.

[Docket #22]. The bankruptcy court entered a civil minute order on May 4, 2011, denying the Stay Violation Motion. No appeal was taken from that order.

On June 1, 2011, Mr. Singh filed a motion ("Show Cause Motion") for an order to show cause and to refer the case for investigation by the California State Bar and the American Bar Association. Through the Show Cause Motion, Mr. Singh sought an order requiring Mr. Lipworth and his attorney to show cause why they "did not have the determination of the owner of the subject property and why they misrepresented to this court in their declarations that Raj Singh filed Chapter 7 bankruptcies." The bankruptcy court denied the Show Cause Motion by Civil Minute Order entered July 5, 2011.

On August 5, 2011, Mr. Lipworth requested ("First Default Request") that the bankruptcy court enter default against Ms. Singh based on her failure to file an answer. [Docket #44]. On August 25, 2011, the EDD, the Tax Board and Mr. Lipworth jointly filed a motion (1) to approve a settlement agreement they had reached with the Trustee and (2) for entry of judgment in the Interpleader Action ("First Request for Judgment").

Mr. Singh opposed the First Request for Judgment, alleging (1) the case was moot because Mr. Loheit no longer was the case

Trustee;[5] (2) the bankruptcy court had no jurisdiction over the Interpleader Action because the Tax Refund had been issued in error;[6] (3) that the check was written to Mr. Singh, so it belonged to him; (4) the pleadings of the Tax Board, the EDD, and Mr. Lipworth all state that the Proceeds belonged to Mr. Singh, so the bankruptcy court could not award the Proceeds to anyone else; and (5) as a chapter 13 debtor, Mr. Singh was entitled to "handle" the Proceeds. Mr. Singh also stated that awarding the Proceeds to Mr. Lipworth and the EDD would result in multiple lawsuits, and asserted there is no proof that Ms. Singh had been served. Mr. Singh concluded by restating his belief that the bankruptcy court should penalize the Tax Board, the EDD, and Mr. Lipworth for attempting to collect the Proceeds in violation of the automatic stay. Mr. Singh made each of these arguments in his opposition to Mr. Lipworth's motion for entry of default against Ms. Singh, together with the following arguments: a co-defendant had no standing to request entry of default against another co-defendant, the allegations in the motion for default judgment were incorrect, Ms. Singh does not appear to have been served, and finally, because the allegations in the Complaint and the Tax Refund both state that the money belongs only to Mr. Singh, Ms. Singh did not need to answer the complaint.

---

[5] David Cusick had been appointed successor trustee in Mr. Singh's bankruptcy case.

[6] Mr. Singh also asserted that the bankruptcy court had no jurisdiction to award the Proceeds to anyone other than Mr. Singh.

10

The bankruptcy court denied the First Request for Judgment on the basis that unless and until a default judgment had been entered against Ms. Singh, she remained a claimant to the Proceeds.[7] [Docket #57].

On October 7, 2011, Mr. Lipworth renewed his request for entry of default, based upon which the Clerk entered Ms. Singh's default on October 18, 2011, and directed that an application for a default judgment should be filed within 30 days of the date the default was entered, which should be set for a "prove-up" hearing consistent with the court's local rules. [Docket #61]. On October 27, 2011, Mr. Singh filed a motion to set aside the default, asserting that the Clerk could enter default only on the request of Plaintiff. Mr. Singh said if the Clerk can in fact enter default based on the request of a co-defendant (Mr. Lipworth), then the Clerk also could set aside the default on the request of another co-defendant (Mr. Singh). Substantively, Mr. Singh asserted that the default against Ms. Singh was prejudicial not only to her, but also to him and other defendants. On November 3, 2011, the EDD and the Tax Board jointly filed a motion for a default judgment against Ms. Singh ("Motion for Default Judgment"). Also on November 3,

---

[7] It appears that the Clerk denied the initial request for entry of Ms. Singh's default, believing that only the Trustee, as plaintiff, could make that request. The bankruptcy court made clear at the hearing that any party could request default and default judgment be entered against any other party. Mr. Singh construes the bankruptcy court's procedural discussions as improperly helping Mr. Lipworth.

11

2011, the EDD, the Tax Board, and Mr. Lipworth jointly filed a renewed motion ("Second Request for Judgment") (1) to approve a settlement agreement they had reached with the Trustee and (2) for entry of judgment in the Interpleader Action. [Docket #68]. Finally, on November 3, 2011, Mr. Lipworth filed an application for judgment on the pleadings ("Motion for Judgment Against Mr. Singh"), requesting that judgment be entered against Mr. Singh in the Interpleader Action, where Mr. Singh had made no claim to the Proceeds and that any claim Mr. Singh might have in the Proceeds was part of his bankruptcy estate available for distribution to creditors. [Docket #73]. The bankruptcy court held the ultimate hearing in the Interpleader Action on December 1, 2011 ("December 1 Hearing"), at which time all of these pending motions were considered.

At the December 1 Hearing, the bankruptcy court recounted that the Interpleader Action was filed after Mr. Singh had disavowed an interest in the Tax Refund. The Interpleader Action provided the opportunity for anyone, including Mr. Singh, who claimed an interest in the Proceeds to step forward and make that claim. Mr. Singh did not. Instead, Mr. Singh took the view that the other parties were required to prove that the funds affirmatively belonged to Mr. Singh. If they failed to do that, they could not have the Proceeds; if they succeeded, they were not entitled to the Proceeds because the automatic stay would preclude them from reaching Mr. Singh's property. The bankruptcy court ruled that because Mr. Singh did not make a claim to the Proceeds in his own behalf,

12

the other co-defendants were entitled to judgment against Mr. Singh to preclude him from sharing in any distribution of the Proceeds. On that basis, the bankruptcy court granted Mr. Lipworth's motion on the pleadings.

The bankruptcy court next addressed the default entered against Ms. Singh, noting that Ms. Singh had not challenged entry of default against her. The bankruptcy court found significant Ms. Singh's failure to assert a claim to the Proceeds by either filing an answer or seeking relief from the default entered against her. The bankruptcy court explained that a default judgment against Ms. Singh had no impact on Mr. Singh's rights, notwithstanding his contention that it did, such that he had no standing to seek to set aside the default entered against Ms. Singh.

Finally, the bankruptcy court approved the settlement pursuant to which Mr. Lipworth and the EDD would share the Proceeds and granted judgment to Mr. Lipworth and the EDD based upon the terms of the settlement. In approving the settlement, the bankruptcy court stated it was fair as to Mr. Singh in that his debts were being paid with the Proceeds. During the course of the discussion regarding the settlement, Mr. Singh gave away his true motivation, which clearly was to preclude any recovery by Mr. Lipworth on the judgment he held against Mr. Singh: "I have no problem if [the Proceeds are] given to EDD." Tr. of Dec. 1 Hearing at 19:19-20.

Mr. Singh filed his notice of appeal on December 8, 2011 [Docket #93], notwithstanding that no judgment yet had been entered. Civil minute orders granting and denying the motions heard at the

13

December 1 Hearing were entered on the docket on December 19, 2011. The Judgment was entered on December 22, 2011, perfecting the appeal. [Docket #100]. The Judgment (1) determined that Mr. Singh, Ms. Singh, and the Tax Board each had no right to receive payment of the Proceeds, (2) awarded the EDD $7,381.68 of the Proceeds, (3) awarded Mr. Lipworth $6,500.00 of the Proceeds, and (4) directed the Clerk to disburse the interpled funds in accordance with the Judgment.

## II.    JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

## III.    ISSUES

Whether the bankruptcy court erred in its award of the Proceeds.

Whether the bankruptcy court erred when it determined that no automatic stay existed in the bankruptcy case.

## IV.    STANDARDS OF REVIEW

A trial court's denial of a motion to set aside either default under Rule 55(c) or default judgment under Rule 60(b)(1) is reviewed for abuse of discretion. Brandt v. Am. Bankers Ins. Co. Of Fla., 653 F.3d 1108, 1110 (9th Cir. 2011). We apply a two-part test to determine whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). First, we consider de novo whether the bankruptcy court applied the correct legal standard to the relief requested. Id. Then, we review the bankruptcy court's fact findings for clear

14

error. Id. at 1262 & n.20. We must affirm the bankruptcy court's fact findings unless we conclude that they are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" Id.

We review judgments on the pleadings made under Civil Rule 12(c) de novo. Lyon v. Chase Bank USA, N.A., 656 F.3d 877 (9th Cir. 2011). De novo review is independent, with no deference given to the trial court's conclusion. See First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006).

The scope or applicability of the automatic stay under § 362 is a question of law, which is reviewed de novo. Salazar v. McDonald (In re Salazar), 430 F.3d 992, 994 (9th Cir. 2005) ("We review the [bankruptcy court's] interpretation of the bankruptcy code as a question of law and, therefore, review it de novo.").

## V.  DISCUSSION

### I.  The Bankruptcy Court Did Not Err In Its Entry of the Judgment

### A.  Mr. Singh Had No Standing To Seek To Vacate the Default Entered Against Ms. Singh

A prudential principle of standing is that "[i]n the ordinary case, a party is denied standing to assert the rights of third persons." Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 263, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). However, courts will allow an exception to the third-party standing prohibition in situations where (1) the litigant suffered some sort of injury-in-fact, (2) there exists some sort of relationship between the litigant and the person whose rights the litigant seeks to assert, and (3) some obstacle hinders the speaker's ability to assert personal rights. Powers v. Ohio, 499 U.S. 400, 411, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).

15

Doe No. 1 v. Reed, 697 F.3d 1235, 1245 n.3 (9th Cir. 2012)(Smith, N.R., Circuit Judge, concurring).

The bankruptcy court probed Mr. Singh on the basis for his standing. The burden was on Mr. Singh to establish an exception to the general rule that a party cannot assert the rights of third persons. We will not assume that former spouses have a sufficient relationship to allow one to "advocate" on behalf of another. Further, Mr. Singh did not provide evidence of any "obstacle" to Ms. Singh's ability to assert her own rights. To the contrary, the bankruptcy court recited on the record that Ms. Singh had participated in her own behalf in an earlier proceeding.

Additionally, Civil Rule 55(c) provides a bankruptcy court with discretion to set aside a default "for good cause." Mr. Singh did not provide evidence of any cause based upon which Ms. Singh was entitled to relief from entry of the default.

It is true that there is a preference for resolving disputes on the merits rather than by default adjudications. However, setting aside Ms. Singh's default would not have furthered this goal; Ms. Singh did not file an answer and thereby did not make herself available for participation in the proceedings. Mr. Singh's concerns about prejudice to him notwithstanding, there was no way for the Interpleader Action to move forward unless Ms. Singh either appeared or was defaulted.[8] Accordingly, without her presence and

---

[8] In fact, the only "prejudice" to Mr. Singh in not vacating the default is that the Interpleader Action was allowed to reach
(continued...)

16

participation, default was appropriate.

The bankruptcy court did not abuse its discretion in not setting aside the default against Ms. Singh in these circumstances.

B.   Mr. Singh Waived His Right to Contest the Judgment

In his Opening Brief, Mr. Singh asserts as his first issue on appeal only that the bankruptcy court erred when it entered the Judgment dividing the Proceeds between the EDD and Mr. Lipworth. However, the argument with respect to this issue on appeal is couched with repeated statements that the Proceeds should have been awarded to Mr. Singh, because:

1.   Mr. Singh "controls the finances."

2.   The bankruptcy court should have dismissed the underlying bankruptcy case; because it did not, all proceedings after the dismissal had been requested "should be voided."

3.   The bankruptcy court had no jurisdiction to rule on the disposition of the Proceeds, for the reason that the bankruptcy court did dismiss the underlying bankruptcy case before the Interpleader Action was filed,

4.   At the time of "trial," Mr. Loheit no longer was Trustee and no longer had the Proceeds.

5.   The Judgment is a default judgment; as such, it was limited to the relief requested.  Because everyone asserted in their pleadings that the Tax Refund was Mr. Singh's, the Proceeds should

[8](...continued)
resolution.

17

have been awarded to him.

6. The Tax Refund was issued in error; therefore, the bankruptcy court had no jurisdiction over the Proceeds.

At oral argument, Mr. Singh asserted that the Bankruptcy Code provided that the debtor was to remain in possession of all property of the estate. As the Panel pointed out to Mr. Singh, such possession is subject to supervision by the Trustee and the bankruptcy court. Mr. Singh further appeared to argue that on dismissal all funds held by the Trustee were to be paid to the debtor. The problem for Mr. Singh in this regard is that the funds no longer were held by the Trustee, they were in the court registry, subject to the competing claims being litigated in the Interpleader Action.

From his argument, it is clear that Mr. Singh believes the Judgment was entered in error only because the Proceeds were not awarded to him. Unfortunately, in his effort to keep the Proceeds from reaching Mr. Lipworth, Mr. Singh denied in his answer that he had any property interest in the Proceeds. An interpleader action is filed to sort out competing claims to property. See Civil Rule 22. As pointed out by the bankruptcy court, the defendants in the Interpleader Action were charged to present their claims to the Proceeds. Mr. Singh, strategically, did not do so. "'A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law.'" Dunlap v. Credit Prot. Ass'n, L.P., 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (per curiam) (quoting Owens v. Kaiser

18

*Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001)). By not making a claim to the Proceeds in his Answer, Mr. Singh waived his claim to the Proceeds, together with his right to appeal any decision that did not award the Proceeds to him.

Left with only two claimants to the Proceeds, the bankruptcy court did not err when it approved the settlement between them and entered Judgment in accordance with that settlement.

II. <u>The Issue of Whether the Appellees Violated the Automatic Stay Is Not Properly Before the Panel</u>

The Panel need not, in fact cannot, address Mr. Singh's issue on appeal that the bankruptcy court erred in not determining that the Appellees violated the automatic stay. In the Civil Minutes of the Stay Relief Motion the bankruptcy court cautioned Mr. Singh for bringing the motion in light of its prior finding in the main bankruptcy case that no automatic stay existed in the case. That determination is found in the Civil Minutes entered in the main case on March 15, 2011, recited here:

**NO AUTOMATIC STAY IN EFFECT IN THE INSTANT BANKRUPTCY CASE**

Mr. Singh has filed multiple bankruptcy cases in this court during a one-year period. The first case was filed on November 9, 2009, with that case being dismissed on November 25, 2009. Mr. Singh filed his second bankruptcy case on November 24, 2009, which was dismissed by the court on April 5, 2010. Mr. Singh filed the instant case on April 2, 2010.

The Bankruptcy Code was amended by Congress in 2005. The amendments included several provisions to address perceived abuses arising from repeat bankruptcy filings by debtors. 11 U.S.C. § 362(c)(4) provides that if two or more bankruptcy cases for a debtor were pending within the previous year, and had been dismissed, the automatic stay shall not go into effect in the subsequent case.

19

11 U.S.C. § 362(c)(3) provides that if there was a single other case pending for the debtor which was dismissed in the year prior to the subsequent case, then the automatic stay terminates thirty (30) days after the commencement of the subsequent case, unless the debtor files a motion and has a hearing within the 30-day period on a motion to extend the stay.

For this Debtor, two prior cases were pending and dismissed in the one year period preceding the April 2, 2010, commencement of the current case. No automatic stay went into effect in this case. Additionally, the Debtor has not sought and did not obtain an order to extend the stay, to the extent he contends [only] one [prior case] existed, as required under 11 U.S.C. § 362(c)(3).

**DECISION**

. . .

[T]here is no automatic stay in this case which could be violated . . . .

[Main case Docket #177]. A Civil Minute Order was entered March 17, 2011 denying the relief sought in the motion for sanctions that had initiated the Civil Minutes quoted above. [Main case Docket #178]. Mr. Singh did not appeal that order. He consequently waived his right to assert in any future proceeding that the automatic stay existed, and he could not legitimately claim any stay violation.

## VI.   CONCLUSION

Mr. Singh had no standing to seek to vacate the default entered against Ms. Singh. Further, he failed to assert his claim to the Proceeds in his answer, stating instead that the Proceeds belonged to Ms. Singh. He waived his right to complain that the bankruptcy court erred when it granted judgment against him based on his answer. Having claimed no interest in the Proceeds, he cannot now assert on appeal that the bankruptcy court erred by awarding the

Proceeds to Appellees.

Finally, Mr. Singh did not appeal the bankruptcy court's March 2011 determination that no automatic stay was in effect in his case. That determination became final, such that Mr. Singh cannot now complain that the bankruptcy judge relied on it when denying the Stay Motion.

We AFFIRM the Judgment of the bankruptcy court.